UNITED STATES of America, Plaintiff,

v.

Joyce Lee HICKMAN, Defendant.

Nos. H–00–250, H–01–376.

United States District Court, S.D. Texas.

Aug. 19, 2003.

Sam Louis, Assistant U.S. Attorney, Houston, TX, for Plaintiff.

Brent Newton, Federal Public Defender, Houston, TX, for Defendant.

Opinion on Re–Sentencing

HUGHES, District Judge.

**1.** *Introduction.*

Joyce Hickman was convicted of defrauding government and private health-care insurers, and her sentencing range was enhanced four levels for defrauding a "financial institution." The court of appeals found that her conviction on three counts violated the ban on *ex post facto* punishments and remanded for re-sentencing. *U.S. v. Hickman,* 331 F.3d 439 (5th Cir.2003). She now argues that she should not receive an enhancement because she did not defraud a "financial institution." Her sentence will remain enhanced.

**2.** *Definitions.*

██ "Financial institutions" under the federal criminal code are depository institutions like banks, credit unions, and farm credit bureaus. The statutory definition of the term does not include insurance companies. 18 U.S.C. § 20. For its purposes, the sentencing commission defines "financial institution" to include all the entities covered by the statute, as well as other concerns like commodity merchants, securities brokers, pension funds, and insurance companies. U.S.S.G. § 2F1.1, application note 19.

The statutory definition does not limit the guideline definition. Congress may define terms as they are used in the criminal code, and the commission may define terms as they are used in the guidelines. The commission defines the phrase "financial institution" as it is used for calculating punishment ranges; it does not purport to amend the criminal code to insert "insurance companies" into the list of financial institutions covered by statute. The commission does not usurp Congress's power when it defines a term for its own use. It would be less confusing if the commission had adopted a new phrase instead of one that Congress had traditionally used already, but the law does not require that. The definition in the application note does not violate the constitution or a federal law, and it is valid. *See Stinson v. U.S.,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

Hickman argues that the same logic that excludes government welfare programs from the definition of "financial institutions" also excludes insurance companies. *U.S. v. Soileau,* 309 F.3d 877 (5th Cir. 2002). She is wrong. Medicare and Medicaid are not listed in the application note and are government programs unlike the private enterprises specified by the commission. The history of the guideline amendments and whether they were adopted in response to a congressional act does not matter as long as the commission had the power to adopt the guideline.

### 3. *Power.*

■ Hickman argues that because Congress *did* not specifically direct the commission to enhance the guideline range for defrauding insurance companies, the commission *could* not enhance the guideline range for defrauding insurance companies. She is wrong.

Neither statute directing the commission to ratchet up sentences for those who defraud "financial institutions" mentions insurance companies. One act orders the commission to recommend incarceration when a federally-insured financial institution is defrauded; the other orders it to increase the penalties for crimes against financial institutions as defined by the criminal code. Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub L. 101–73; Crime Control Act of 1990, Pub.L. 101–647. The commission promulgated the guideline at issue here in response to those statutes. U.S.S.G. § 2F1.1, background comment.

It does not matter that Congress never ordered the commission to stiffen ranges for defrauding insurance companies. Since its inception, the commission has had the general power to set and amend guideline ranges as it sees fit. 28 U.S.C. § 994. It can decide independently that crimes against insurers warrant a four-level increase in the sentencing range. Whether Congress orders or not, it can recommend harsher punishments for those who defraud banks, commodity brokers, concession stands, or octogenarians visiting national parks. The general authority is enough; lack of a specific directive does not sap the commission's power to set and amend guidelines.

It is not the function of the court to investigate the reasons the commission changed the guideline; it is enough that it had the power to amend. It is often said that agency action "cannot be upheld unless the grounds upon which the agency acted ... were those upon which its action can be sustained." *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 95, 63 S.Ct. 454, 87 L.Ed. 626 (1943). Those who blindly quote do not understand that this applies—as in the case where it was first ink to paper—when an agency acts without authority.

As long as he has the authority, a bureaucrat may act; his authority is not vitiated because an unnecessary footnote gives the wrong basis for his authority. The commission can inform the public when it is acting because of a congressional command. Its every movement, though, need not be accompanied by a symphony of notes detailing every conceivable authorization for its measures. Even if it goes beyond specific congressional dictates, it has the power to promulgate a guideline as long as it acts within its statutory authority generally. This is true even if the commission includes, as it often does, mindless recitations of some of the statutes under which it acts. If Congress enacts a requirement that the commission raise its ranges for one-quarter of fraud crimes, that act does not restrict the commission's authority to simultaneously raise the range in another one-quarter and lower the ranges in the other one-half. *Cf. U.S. v. Bellazerius*, 24 F.3d 698 (5th Cir. 1994); *U.S. v. Lightbourn*, 115 F.3d 291 (5th Cir.1997).

### 4. *Conclusion.*

The commission has the power to define "financial institutions" as it wishes, and Hickman's guideline range will be enhanced four levels.