United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2004**

Charles R. Fulbruge III
Clerk

Revised June 23, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No.  03-20839 c/w 03-20840

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

JOYCE LEE HICKMAN a/k/a/ JOYCE SAUNDERS,

Petitioner-Appellant.

Appeals from the United States District Court
for the Southern District of Texas

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

The defendant was convicted of 32 counts of health care fraud by a jury.  On original appeal, this court reversed her conviction on the first three counts of the first indictment and remanded for resentencing.  In this appeal the defendant asserts the district court erred in (1) enhancing her sentence under U.S.S.G. § 2F1.1(b)(8)(B) because an insurance company is not a "financial institution," (2) orally imposing an amount of restitution different from that contained in the written judgment, thereby causing the written judgment to be illegal, (3) omitting two essential elements of the charged offense and failing to require proof beyond a

-1-

reasonable doubt as to a third element, and (4) granting the prosecution's motion to remove a venireperson "for cause" over the objection of the defendant. We find no error, and AFFIRM.

I.

On July 24, 2001 Joyce Lee Hickman ("Hickman"), also known as Joyce Saunders, was convicted on 32 counts of health care insurance fraud in violation of 18 U.S.C. § 1347. Hickman was sentenced to serve 210 months in confinement followed by three years of supervised release and was ordered to pay restitution of $9,348,654. On appeal, this court affirmed Hickman's conviction on counts four through thirty-two of the indictment. *United States v. Hickman*, 331 F.3d 439, 448 (5th Cir. 2003). We reversed Hickman's conviction on counts one through three of the first indictment and remanded the case to the district court for resentencing. *Id*. On remand, the district court again sentenced Hickman to 210 months confinement followed by three years supervised release.[1] Because Hickman's conviction was reversed with regard to the first three counts of the indictment, the restitution order also was reduced. Hickman filed a timely appeal to this court.

II.

Hickman first argues that the district court erred in enhancing

---

[1] Originally, Hickman was sentenced to two concurrent 120 month sentences followed by a consecutive 90 month sentence. On remand, Hickman was sentenced to one 120 month sentence and one 90 month sentence to be served consecutively.

-2-

her sentence four levels pursuant to U.S.S.G. § 2F1.1(b)(8)(B), because an insurance company does not qualify as a "financial institution."[2] Hickman acknowledges that insurance companies are specifically included in the definition of "financial institution" provided in Application Note 19 to U.S.S.G. 2F1.1.[3] Hickman nevertheless argues that our decision in *United States v. Soileau*, 309 F.3d 877 (5th Cir. 2002), and the Seventh Circuit's decision in *United States v. Tomasino*, 206 F.3d 739 (7th Cir. 2000), render Application Note 19 invalid--she avers that the Sentencing Commission violated Congress's directive by expanding the definition of "financial institution" to include entities not specifically listed in 18 U.S.C. § 20.[4] Hickman further argues that the Sentencing Commission's attempt to limit the effects of *Tomasino* cannot be applied retroactively.

Hickman's argument is unavailing. In *Tomasino* the Sentencing Commission had determined that pension funds were "financial

---

[2] Hickman advanced this argument in her last appearance before this Court, but we did not reach the merits of the issue. *Hickman*, 331 F.3d at 441.

[3] Application Note 19 to U.S.S.G. § 2F1.1 provides, in pertinent part: "'Financial institution,' as used in this guideline, is defined to include any institution described in 18 U.S.C. §§ 20, 656, 657, 1005-1007, and 1014; any state or foreign bank, trust company, credit union, insurance company . . . ."

[4] 18 U.S.C. § 20 defines "financial institution" as including only banks, credit unions, small business investment companies, and other "depository institutions." 18 U.S.C. § 20(1)-(9).

-3-

institutions" under the guidelines.  The Seventh Circuit held that the Commission's determination was merely an interpretation of the statutory definition of "financial institutions" set out in 18 U.S.C. § 20 and that such an interpretation was inappropriately broad. The court recognized, however, that the Sentencing Commission would be permitted to expand the definition of "financial institution" if it were clearly taking on its legislative role.

In response to *Tomasino* the Sentencing Commission issued Amendment 617, which stated: "this amendment also makes a minor revision (adding 'in broader form') to the background commentary regarding the implementation of the directive in section 2507 of Public Law 101-647, nullifying the effect of *United States v. Tomasino*."  U.S.S.G., Appendix C, Amendment 617 (citation omitted). The Seventh Circuit, which decided *Tomasino*, recently discussed the effect of Amendment 617 in *United States v. Collins*:

> *Tomasino* recognized that if the Commission were to add this language to the background commentary it would be "clear" evidence "that the Commission . . . was exercising its legislative power" in promulgating the broader definition of financial institutions.
>
> When the Sentencing Commission amended the background commentary to show that it was exercising its legislative power to expand the congressional definition of "financial institutions," it merely clarified its authority to enact the preexisting definition in Application Note [19] to [§ 2F1.1(b)(8)(B)], and so there is no issue in applying the clarification retroactively. *See Tomasino*, 206 F.3d at 742-43 ("A clarifying guideline can lawfully be applied retroactively.[.]"); *see also United States v. Hartz*, 296 F.3d 595, 598 (7th Cir. 2002) (court may apply clarifying amendments retroactively). Consequently, we may look to the Sentencing Commission's

expanded definition of "financial institutions." 361 F.3d 343, 347 (7th Cir. 2004). Hickman has not offered, nor can we think of, any reason not to follow the Seventh Circuit's interpretation of its own caselaw.

We also find unavailing Hickman's argument that in *Soileau* this court held that U.S.S.G. § 2F1.1(b)(8)(B) cannot be applied to any entities not specifically listed in the definition of "financial institution" provided in 18 U.S.C. § 20. *Soileau* is clearly distinguishable from the instant case. In *Soileau* we faced the question of whether Medicare was a financial institution for purposes of U.S.S.G. § 2F1.1(b)(8)(B). Medicare is not listed as a "financial institution" under Application Note 19, nor has Congress ever defined the term "financial institution" to include Medicare. Insurance companies, on the other hand, are specifically listed as a "financial institution" under Application Note 19 in what was a valid use of the Commission's legislative powers. *Collins*, 361 F.3d at 347; *see also United States v. Lauersen*, 348 F.3d 329, 343 & n.15 (2d Cir. 2003).

For these reasons, we conclude that the definition of "financial institution" contained in Application Note 19 of U.S.S.G. § 2F1.1 may be used to determine sentence enhancements under § 2F1.1(b)(8)(B). Because Amendment 617 merely clarified the intent of the sentencing commission we are satisfied that the amendment may be applied retroactively. *See Collins*, 361 F.3d at 347. Because

insurance companies are considered "financial institutions" by Application Note 19, the district court did not err in applying the § 2F1.1(b)(8)(B) enhancement to Hickman's sentence.

## III.

Hickman next argues that there is a conflict between the oral sentence and written judgment. Hickman argues that at resentencing the district court orally ordered restitution in the amount of $9,042,154, but the written judgment orders restitution in the amount of $9,048,654.49, a difference of $6,500.49. Hickman argues that because the written judgment imposes a greater punishment it must be amended to conform with the oral sentence.

A defendant has a constitutional right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Generally, when a written sentence is in conflict with the oral pronouncement, the oral pronouncement controls. *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000). However, it is the district court's intention that ultimately determines the final judgment. *Id*. Therefore, where there is merely ambiguity between the two sentences, rather than conflict, the entire record must be examined in order to ascertain the district court's true intent. *Id*. The written judgment may be considered in determining the true intent of the district court. *See United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002) (citing *United States v.*

*Truscello*, 168 F.3d 61, 63 (2d Cir. 1999) (finding the written judgment simply clarified the meaning of the oral sentence)).

At the original sentencing, the district court imposed restitution in the amount of $9,348,654.49.  On appeal we reversed the first three counts of the first indictment and remanded the case to the district court for resentencing.  *Hickman*, 331 F.3d at 448. Based on our belief that the amount of restitution represented by counts one through three was $6,400.14, the Presentence Report for the resentencing hearing recommended the restitution be reduced to $9,342,254.35.[5]  Immediately prior to the resentencing hearing, Hickman filed a written pleading arguing that the amount of restitution should be reduced by $300,000 "rather than by $6,400.14."[6]  This argument, made just before the hearing, was not addressed in the Presentence Report.

At resentencing, the district court initially ordered restitution in the amount recommended in Presenence Report, i.e., $9,342,154.  At that time, Hickman reminded the district court of

_____

[5] We noted that the amount of restitution originally ordered by the district court "included $6,400.14 for counts one through three of the first indictment." *Hickman*, 331 F.3d at 447.

[6] Hickman argued that she "has discovered that the Fifth Circuit erred in its opinion assuming that counts 1-3 of the first indictment only encompassed a loss amount of $6,400.14. The indictment's first three counts specifically allege a loss amount of "over $300,000."  Thus, [the] restitution obligation must be reduced by that amount *rather than* by $6,400.14." Defendant's Reply to Government's Response, Record on Appeal, Vol. 1 at 573 (emphasis added)(citation omitted).

her pleading arguing that the proper reduction was $300,000. In response, the district court stated, "How about the Government agrees we take $300,000 off?", to which the government offered no objection.[7] The district court then stated the amount of restitution would be $9,042,154.

After reviewing the transcript from resentencing, we conclude that the discrepancy between the oral sentence and written judgment is an ambiguity rather than a conflict. It is impossible to discern exactly what amount of restitution was agreed to by the government. We cannot tell from the record whether the government agreed that the restitution be reduced by a total of $300,000 (consistent with the written judgment) or the figure the defendant contends is proper, $306,400.14. Moreover, Hickman herself specifically asked

---

[7] The transcript reads, in pertinent part:

THE COURT: The only data I have is that the restitution needs to be adjusted for the voided counts, and I can't take out "about" $300--$300,000.

[GOVERNMENT]: Your looking at a lame person. I have no way--unfortunately, I have no way of knowing. I wish I did.

THE COURT: How about the Government agrees we take $300,000 off?  The chance of her making 9 million--

* * *

[GOVERNMENT]: No objection.

Transcript of Resentencing at 44, *United States v. Hickman*, Nos. 00-250 and 01-376 (S.D. Tex Aug. 6, 2003).

for the restitution amount listed in the written judgment by arguing in her written pleading that the "restitution obligation must be reduced by [$300,000] *rather than* by $6,400.14." *See supra* note 6. It is unclear from the transcript whether Hickman intended to expand her argument and argue that the amount should be reduced by $300,000 "*in addition to*" the $6,400.14. Taking the written judgment into consideration, however, the issue becomes clear. Instead of conflicting with the oral sentence, the written judgment expresses the true intent of the district court in setting the amount of restitution. For these reasons, we reject Hickman's claim that the amount of restitution contained in the written judgment is improper.

IV.

Hickman next argues that the district court's instructions to the jury were in error. Hickman argues that the district court improperly omitted two essential elements of the charged offense and also failed to require proof beyond a reasonable doubt regarding a third element of the offense.

Where an issue of law or fact has been decided on appeal, the law of the case doctrine prevents reexamination of that issue or fact either by the district court on remand or by the appellate court in a subsequent appeal. *United States v. Bacerra*, 155 F.3d 740, 752 (5th Cir. 1998). Exceptions to this rule will only be made where (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of law applicable to such issues, or (3) the decision was

-9-

clearly erroneous and would result in manifest injustice.  *Id*.

Hickman raised this same issue in her first appeal to this court, and her argument was rejected.  *See Hickman*, 331 F.3d at 441, 443-445.  Hickman does not argue that any of the three exceptions to the law of the case doctrine are applicable to this case. Indeed, Hickman concedes that this issue is foreclosed by the law of the case doctrine and states that she only raises the issue in order to preserve it for review by the Supreme Court.  For these reasons we decline to reconsider this argument.

## V.

Hickman next argues that the district court abused its discretion in granting the prosecution's motion to remove venireperson Dennis Wilson for cause over her objection.  Hickman raised this issue in her first appeal to this court, and it was rejected.  *Hickman*, 331 F.3d at 441-445.  Again this issue is foreclosed by the law of the case doctrine, and we decline to reconsider this argument in the instant appeal.

## VI.

For the reasons stated above, we affirm the judgment of the district court.

AFFIRMED