United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41602
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ADELFO DUARTE-JUAREZ,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-911-ALL
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Adelfo Duarte-Juarez appeals his sentence after his guilty-plea conviction for illegally reentering the United States after being deported. See 8 U.S.C. § 1326(a) and (b). He contends that the district court erroneously increased his offense level by 16 levels because his prior conviction for harboring illegal aliens for profit is not an "alien smuggling offense" under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court rejected Duarte's essential contention in <u>United States v. Solis-Campozano</u>, 312 F.3d 164 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 991 (2003). The offenses listed in 8 U.S.C. § 1324(a)(1)(A), which include harboring aliens, are "alien smuggling" offenses under U.S.S.G. § 2L1.2(b)(1)(A)(vii). <u>Solis-Campozano</u>, 312 F.3d at 167-68. Duarte concedes that his argument is foreclosed, and he raises the issue only to preserve it for possible review by the United States Supreme Court.

Duarte contends that his sentence is invalid because the sentencing scheme of 8 U.S.C. § 1326(a) and (b) is unconstitutional and the prior conviction that resulted in his increased sentence was an element of the offense that should have been alleged in his indictment. Duarte acknowledges that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235, 237-39 (1998). He asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), and he raises the issue only to preserve it for possible review by the United States Supreme Court.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is

AFFIRMED.