United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-10228

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee

     v.

LISA DALE,

             Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS and PRADO, Circuit Judges.[*]

PER CURIAM:[**]

    In our previous opinion in this case, we affirmed Defendant-Appellant Dale's conviction and sentence. See United States v. Dale, No. 03-10228, 374 F.3d 321 (5th Cir. 2004). Following our judgment, Dale filed a petition for rehearing and certiorari, in

———————————

[*]This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

which she challenged for the first time the constitutionality of the Sentencing Guidelines as applied to her. The Supreme Court granted Dale's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Dale's conviction and sentence.

Because Dale did not raise any Booker-related challenge until her petition for rehearing, we will not review her claim absent extraordinary circumstances. United States v. Taylor, No.03-10167, 409 F.3d 675, 676 (5th Cir. 2005); see also United States v. Hernandez-Gonzalez, 405 F.3d 206 (5th Cir. 2005). Our cases make it clear that an argument not raised in appellant's original brief as required by Fed. R. App. P. 28 is waived.[3] United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). Appellant argues that based on remarks made by the trial judge at sentencing, she can satisfy the plain-error test discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). Even if appellant can satisfy the plain error test, she has not met the even more exacting test

---

[3]See Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004)(party waived argument not included in original brief to panel); Yokey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). See also 16A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3974.1 at 501 (1999)(issues not raised in appellant's initial brief normally will not be considered by the court); FED. R. APP. P. 28 (a)(9)(A) which states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

required to show the presence of extraordinary circumstances, which requires appellant to show a "possibility of injustice so grave as to warrant disregard of usual procedural rules." McGee v. Estelle, 722 F.2d 1206, 1213 (5th Cir. 1984)(footnote omitted).

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Dale's conviction and sentence.