United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-41602
_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

                    versus

ADELFO DUARTE-JUAREZ,

                              Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas
_____

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:

     Adelfo Duarte-Juarez pleaded guilty to knowingly and
unlawfully being found present in the United States after
deportation, in violation of 8 U.S.C. § 1326.  The presentence
report calculated his base offense level as eight, pursuant to
U.S.S.G. § 2L1.2(a).  Sixteen levels were added, pursuant to
U.S.S.G. 2L1.2(b)(1)(A), because of a prior conviction for
harboring an illegal alien.  Duarte-Juarez objected to the sixteen-
level enhancement on the ground that harboring an alien within the
United States is not equivalent to alien-smuggling for profit, as
defined under U.S.S.G. § 2L1.2(b)(1)(A) (Nov. 1, 2002).  The

district court overruled Duarte-Juarez's objection and sentenced him to 41 months imprisonment, at the bottom of the Guidelines range.

On direct appeal, Duarte-Juarez challenged the constitutionality of the statute of conviction, and argued that his prior conviction for harboring illegal aliens was not an alien-smuggling offense under § 2L1.2(b)(1)(A). This court affirmed the conviction and sentence on direct appeal, holding that United States v. Solis-Campozano, 312 F.3d 164 (5th Cir. 2002), foreclosed Duarte-Juarez's argument that his prior conviction for harboring illegal aliens was not an alien-smuggling offense. United States v. Duarte-Juarez, 110 Fed. Appx. 461 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Gaona-Tovar v. United States, 125 S.Ct. 1612 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Duarte-Juarez argues that the district court's application of mandatory sentencing guidelines was reversible error.[*] Duarte-Juarez acknowledges that he did not

---

[*]To preserve the issue for further review in the Supreme Court, Duarte-Juarez contends that the standard of review should be de novo because he objected to the district court's application of the sentencing enhancement for having been previously convicted of an aggravated felony on the ground that his previous conviction for alien harboring did not amount to alien smuggling for profit. He recognizes that this contention is foreclosed by this court's precedent. See United States v. Pennell, 409 F.3d 240 (5th Cir. 2005); and United States v. Akpan, 407 F.3d 360 (5th Cir. 2005). He also preserves for further review in the Supreme Court the

2

raise a Booker issue in the district court or on direct appeal, but instead did so for the first time in his petition for writ of certiorari. This court has held that, in the absence of extraordinary circumstances, the court will not consider Booker-related arguments raised for the first time in a petition for a writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Because Duarte-Juarez did not raise his Booker-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). Under the plain-error standard, we may correct an error in Duarte-Juarez's sentence only if he demonstrates that "there is (1) error (2) that is plain, and (3) that affects substantial rights. If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal citations and quotation marks omitted). The first two prongs are satisfied here because Duarte-Juarez was sentenced under guidelines believed by the district court to be mandatory.

following additional arguments that are also foreclosed by our precedent: (1) that de novo review should apply because it would have been futile to have objected to the district court's application of mandatory sentencing guidelines under the case law in effect at the time of his sentencing; and (2) that Booker error is structural, or presumptively prejudicial.

To satisfy the third prong of the plain-error test, Duarte-Juarez must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005).  Duarte-Juarez argues that the district court's imposition of a sentence at the bottom of the guidelines range, and its clear displeasure with this court's precedent holding that harboring aliens within the United States warrants the same sixteen-level increase to the offense level as alien-smuggling for profit, indicate that there is a reasonable probability that the district court would have imposed a lesser sentence if not constrained by mandatory sentencing guidelines.

The district court's imposition of a sentence at the bottom of the guidelines range, alone, does not indicate that there is a reasonable probability that the court would have imposed a lesser sentence under advisory sentencing guidelines.  See United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir.) (sentencing judge's acknowledgment that sentence was "harsh" and fact that sentencing judge imposed minimum sentence under guideline range are not an "indication that the judge would have reached a different conclusion under an advisory scheme"), cert. denied, 126 S.Ct. 264 (2005).  However, a minimum sentence is "highly probative, when taken together with relevant statements by the sentencing judge indicating disagreement with the sentence imposed, that the Booker

4

error did affect the defendant's substantial rights." <u>United States v. Rodriguez-Gutierrez</u>, 428 F.3d 201, 204 (5th Cir. 2005).

Duarte-Juarez points to the following colloquy at the sentencing hearing in support of his contention that the district court expressed "clear displeasure" with this court's precedent:

> [THE COURT]: I have also done some research on this case, and I am afraid the news, once again, is not good for the defendant. Although the Fifth Circuit has not directly addressed this issue, I think the clearer import of the decision in U.S. vs. Solis-Campozano ... and an earlier decision in U.S. vs. Mon[j]aras-Castaneda ... are that harboring does qualify for the 16-level bump.
>
> I personally found persuasive Judge Pol[itz]'s dissent in the Mon[j]aras-Castaneda [sic] case, but it didn't persuade anybody else, though.
>
> If you have any authority you want to argue with me about, I'm happy to listen to it.
>
> [DEFENSE COUNSEL]: Only the fact in Solis vs. Campozano, Your Honor, we would just like to point out to the Court that that case dealt with transporting.
>
> [THE COURT]: No. No, I'm saying the Fifth Circuit has not dealt with this issue.
>
> [DEFENSE COUNSEL]: Right exactly.
>
> [THE COURT]: And if you want to take it up on appeal, I think you are well within your rights. But right now the import of the decisions that are on the books, which suggest that I would be in error if I yielded to your objections. So I do overrule that. I certainly understand why it was made.

5

In the case referred to by the district court, United States v. Monjaras-Castaneda, 190 F.3d 326 (5th Cir. 1999), this court upheld the imposition of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), holding that a conviction for illegal transportation of aliens was an "offense relating to alien smuggling" and therefore an aggravated felony for purposes of that Guideline section. Id. at 331. Judge Politz dissented, asserting that "Congress meant to require a border-crossing element when it authorized an aggravated felony en[hance]ment for crimes 'relating to alien smuggling'". Id. at 333 (Politz, J., dissenting).

Arguably, these remarks by the district court, expressing disagreement with this court's precedent, indicate that there is a reasonable probability that the district court would have imposed a lesser sentence if it had known that the Guidelines were merely advisory, and thus are adequate to demonstrate that Duarte-Juarez's substantial rights were affected under the third prong of the plain error test. Cf. United States v. Longbine, 150 Fed. Appx. 353, 355 (5th Cir. 2005) (defendant failed to carry burden of demonstrating that his sentence likely would have been different under advisory guidelines where district court's comments at sentencing hearing suggested that district court was concerned about fairness of using guideline to calculate offense level, but district court did not indicate that using that guideline section would be unfair or that it would have imposed a lower sentence under an advisory guideline scheme); United States v. Rodriquez-Gutierrez, 428 F.3d at 204

6

(district court's expression of disagreement with immigration law insufficient to establish that <u>Booker</u> error affected defendant's substantial rights).

Even assuming that the district court's remarks at sentencing would satisfy the third prong of the plain error test, they are not sufficient to satisfy "the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a 'possibility of injustice so grave as to warrant disregard of usual procedural rules.'" <u>United States v. Hickman</u>, ___ Fed. Appx. ___, 2005 WL 3106379 (5th Cir. 2005) (quoting <u>McGee v. Estelle</u>, 722 F.2d 1206, 1213 (5th Cir. 1984)).

Duarte-Juarez argues that, in the alternative, we should pretermit the <u>Booker</u> issue and remand on the ground that the Supreme Court's decision in <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005), establishes that the district court misapplied the Guidelines by applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) for a prior conviction for harboring an illegal alien, because the Government presented no evidence to support the district court's finding that the alien-harboring conviction met the definition of alien-smuggling for profit. However, the Supreme Court remanded this case specifically for further consideration in the light of <u>Booker</u>. When a case is remanded from the Supreme Court with specific instructions, this court must confine its review to the limitations established by the Supreme Court's remand order. See <u>Gradsky v. United States</u>, 376

7

F.2d 993, 996 (5th Cir. 1967) ("Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered."); <u>United States v. Lee II</u>, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Duarte-Juarez's arguments regarding the misapplication of the guidelines are beyond the scope of the Supreme Court's remand and we will not consider them.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Duarte-Juarez's conviction and sentence.

JUDGMENT REINSTATED.