United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 04-50986

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO BAUTISTA-INZUNZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(3:04-CR-1080)

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this sentencing appeal, Appellant Francisco
Bautista-Inzunza ("Bautista") argues (1) that the
district court committed reversible error under *United*

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not
precedent except under the limited circumstances set
forth in 5TH CIR. R. 47.5.4.

*States v. Booker*, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines and (2) that his sentence violates due process under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeds the two-year statutory maximum for the offense charged in the indictment. For the reasons stated below, we affirm.

## I. Background

Bautista was charged in a one-count indictment with illegal re-entry in violation of 8 U.S.C. § 1326. The indictment did not allege that Bautista had a prior conviction. However, the Government filed a notice of intent to seek an increased statutory penalty pursuant to § 1326(b)(2) on the basis of a prior drug-trafficking conviction. Bautista pled guilty to the one-count indictment before a magistrate judge, and the district court accepted the magistrate's recommendation that the plea be accepted.

Prior to sentencing, the probation officer filed a pre-sentence report ("PSR") with the court. The PSR assessed a base offense level of eight pursuant to

2

U.S.S.G. § 2L1.2(a); a sixteen-level increase in the offense level pursuant to § 2L1.2(b)(1)(A) to reflect Bautista's prior conviction; and a three-level reduction in the offense level pursuant to § 3E1.1 to reflect Bautista's acceptance of responsibility. This resulted in a total offense level of twenty-one. Based on this total offense level and a criminal history category of III, the range of imprisonment under the Sentencing Guidelines was forty-six to fifty-seven months.

Bautista filed an objection to the PSR in the district court pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), arguing that a sentence in excess of two years would violate due process because the fact of prior conviction was not alleged in his indictment, submitted to a jury, or proved beyond a reasonable doubt. He conceded, however, that his *Apprendi* challenge was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and raised it only to preserve it for further review.

The district court overruled Bautista's objection prior to sentencing, and, bound by 18 U.S.C. § 3553(b)(1)

3

to impose a sentence within the forty-six to fifty-seven month guideline range, sentenced Bautista to forty-six months of imprisonment and three years of supervised release. Bautista timely appealed.

After Bautista filed his notice of appeal, the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005), holding that pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), the mandatory application of the Sentencing Guidelines violated the Sixth Amendment. Accordingly, the Court struck the mandatory provisions of the Guidelines, rendering them effectively advisory. *Booker*, 543 U.S. at 245. The Court determined that its decision would apply to all cases that were on direct review as of its date of issuance. *Id.* at 268.

## II. Analysis

A. *Booker* Challenge

Bautista argues that the district court committed reversible error under *Booker* by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. This is an alleged "*Fanfan*" error, *see United States v.*

4

*Walters*, 418 F.3d 461, 463 (5th Cir. 2005) (differentiating between Sixth Amendment "*Booker*" error and non-constitutional "*Fanfan*" error), that Bautista did not preserve for appeal. We review non-preserved *Fanfan* error for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under plain error review, the defendant bears the burden of proving (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *Id.* If the defendant meets this burden, the Court "'may then exercise its discretion to notice a forfeited error but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

Sentencing a defendant pursuant to a mandatory application of the Sentencing Guidelines satisfies the first two prongs of the plain error test. *United States v. Duarte-Juarez*, 441 F.3d 336, 338 (5th Cir. 2006). To satisfy the third prong, Bautista must demonstrate, "'with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under

an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence.'" *Id.* (quoting *United States v. Infante*, 404 F.3d 376, 394–95 (5th Cir. 2005)). Bautista has not met this burden. The only evidence Bautista offers as proof that the court would have sentenced him to a lower sentence is the fact that the court imposed the lowest sentence in the guidelines range and a statement by the court indicating, at best, that the sentence imposed was harsh: "It's amazing, huh? He gets almost the same sentence that a man gets for bringing in four tons of marijuana."[1] The imposition of a sentence at the low end of the guidelines range, alone, "does not indicate that there is a reasonable probability that the court would have imposed a lesser sentence under advisory sentencing guidelines." *Id.* at 339 (citing *United States v. Bringier*, 405 F.3d 310, 317–18 & n.4 (5th Cir.), *cert. denied*, 126 S. Ct.

---

[1]Bautista raises additional arguments in his reply brief, e.g., that the district court would have imposed a different sentence under an advisory scheme because of "the sympathetic circumstances of Bautista's case," but these are waived. *United States v. Reinhart*, 357 F.3d 521, 524 n.4 (5th Cir. 2004).

264 (2005)). Further, the combination of a low-end guidelines sentence and an acknowledgment by the district court that the sentence imposed was harsh is not enough to satisfy the third prong of the plain error test. *Bringier*, 405 F.3d at 317 n.4. In the absence of any other evidence that the district court would have imposed a lower sentence under an advisory guidelines scheme, Bautista has failed to demonstrate plain error as required under *Mares*.

B. *Apprendi* Challenge

Bautista argues that his sentence violates due process under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeds the two-year statutory maximum for the offense charged in the indictment. This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), as conceded by Bautista, and Bautista only raises the argument to preserve it for further review.

## III. Conclusion

Because the district court's error in sentencing Bautista pursuant to a mandatory application of the

Sentencing Guidelines was not plain error and because Bautista's *Apprendi* challenge is foreclosed by Supreme Court precedent, we affirm Bautista's sentence.

AFFIRMED.