# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-40969
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO SALVADOR MEMBRENO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-978-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Salvador Membreno appeals his sentence for illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b). Membreno argues that the district court erred in relying upon the Presentence Investigation Report's (PSR) characterizations of his prior state court offenses as crimes of violence to enhance his sentence by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Government contends that Membreno waived this issue or, alternatively, failed to demonstrate that the court plainly erred in applying the enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After reviewing the record, we find that although Membreno did not intentionally relinquish his right to challenge the district court's reliance on the PSR such that he has waived this argument, he has forfeited the error. See United States v. Olano, 507 U.S. 725, 733 (1993). We further find that although the district court plainly erred in relying solely upon the PSR's characterization of Membreno's past offenses for enhancement purposes, see United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005), Membreno has failed to demonstrate that but for the error, the district court would not have imposed the enhancement. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.2005); United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005). Consequently, he has failed to establish that the error affects his substantial rights. See Villegas, 404 F.3d at 365.

Membreno also contends that the district court committed reversible Fanfan error when it sentenced him pursuant to the mandatory Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). In the context of a Fanfan challenge, "application of the Guidelines in their mandatory form constitutes error that is plain." United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). However, Membreno must establish "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). The imposition of a sentence at the bottom of the guidelines range, as in this case, is not sufficient, on its own, to demonstrate that there is a reasonable probability that the court would have imposed a lesser sentence under advisory sentencing guidelines. See United States v. Duarte-Juarez, 441 F.3d 336, 338-39 (5th Cir. 2006). The district court made no specific statements that would indicate that it would have preferred to sentence Membreno below the applicable guidelines range and, in

fact, rejected Membreno's arguments in favor of a downward departure. Accordingly, Membreno has failed to demonstrate that the error affects his substantial rights.  See Mares, 402 F.3d 511 at 520.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Membreno challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."   United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.