81,429-01

Dennis Dean Foreman # 1690179
3001 S. Emily Dr.
Beeville, TX 78102

April 10,2015

Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capital Station
Austin, TX 78711÷2308

RE:   Void Sentence Complaint/Memorandum of Law Supplement

Dear Clerk,
    Please accept and file this supplement to my complaint presented regarding
an unlawful and void sentence.  Thank you for your time and attention in this
matter.

                                    Respectfully,
                                    Dennis Dean Foreman #1690179
                                    3001 S. Emily Dr.
                                    Beeville, TX 78102

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 15 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

EX PARTE: §

DENNIS DEAN FOREMAN § WRIT NO.⸱⸱ _____

 (Complainant) §

## MEMORANDUM OF LAW SUPPLEMENTING COMPLAINT
## SEEKING RELIEF FROM A VOID/ILLEGAL SENTENCE

  DENNIS DEAN FOREMAN, proceeding pro se, presents this memorandum of law supplementing his complaint seeking relief from a void/illegal sentence. This single issue showing that the life sentence rendered by the jury, is void as a matter of law, because it exceeds the allowable range of punishment for a second degree offense of aggravated assault, which is the law applied in the jury charge, and is the law the guilty verdict was based on. Foreman shows the following in support:

### VOID SENTENCE

  [Texas caselaw is undisputed in that when a sentence is void, a defendant may raise a complaint about it at any time. Ex parte Rich, 194 S.W.3d 508,511 (Tex.Crim.App.2006); see also Ex parte Pena, 71 S.W.3d 336 (Tex.Crim.App.2002); "A 'void' or 'illegal' sentence is one that is not authorized by law." A sentence that is outside the maximum or minimum range of punishment is un-authorized by law and therefore illegel." Mizell v. State, 119 S.W.3d 804,806 (Tex.Crim.App.2003 en banc): Maples v. State, 187 S.W.3d 655,658 (Tex.App.-Houston [14th Dist.] 2006, pet.ref'd.) ]

### LIBERAL CONSTRUCTION

  Complainant is not a lawyer or paralegal, and moves this court to grant liberal construction to these pleadings, and take judicial notice of any and all errors which may entitle Foreman to relief.

  [Pro se litigant pleadings are to be construed liberally and held to less stringent standards, as opposed to formal pleadings filed by attorneys. The Court should liberally construe pleadings despite the failure to cite proper authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliararity with pleading requirements. see Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct.594 (1972)].

## STATEMENT OF FACTS

Dennis Foreman was initially charged with Aggravated Assault/Family. The Indictment that followed, alleged that Foreman caused serious bodily injury to Laura Foreman, a member of the defendant's family, by shooting her with a deadly weapon, namely a shotgun.

At trial, evidence was presented that supported the findings that Foreman used a deadly weapon to cause serious bodily injury. Due to the phrase in the indictment, "a memeber of the defendant's family," the relatiuonship to the defendant became an element of the offense, to be proved beyond a reasonable doubt. The jury did not make a finding on the "relationship to or association with the defendant," or apply the prescribed Family Code included in the first degree offense. The jury was given a written charge on the law to apply to the facts of the case. This presumably correct charge on applicable law which was presented to the jury, was the second degree (a)(1)(2) portion of Texas Penal Code § 22.02 Aggravated Assault. The jury found Foreman guilty based on this second degree portion of the penal code. At sentencing, the trial court did erroneouslycharge the jury to apply the first degree 5 - life punishment range. The jury used this erroneous punishment range, and sentenced Foreman to life imprisonment.

Texas Penal Code Statute § 22.02 Aggravated Assault, has two(2) penalty ranges. The (a)(1)(2) portion is a second degree 2-20 offense, and the (b)(1) portion is a first degree 5-life offense. The elements specific to this case are: Use of a Deadly Weapon; Serious Bodily Injury; and, "Spouse". These elements are specifically stated in the second degree, (a)(1)(2) portion, and determined through a process of elimination using prescribed Family Codes in the first degree (b)(1) portion of the statute.

The elements specific to this offense are stated in both penalty groups, which creates a Due Process Notice and Jury Charge issue, which ultimately resulted in a void and illegal sentence. The jury rendered a guilty verdict based on the application of the second degree (a)(1)(2) portion, then, rendered a sentence of life, based on the first degree (b)(1) portion. This menas the sentence exceeds the allowable range of punishment for the offense which the jury found Foreman guilty. Sentence is void as a matter of law.

## TEXAS PENAL CODE § 22.01 Assault

(a) A person commits an offense if the person:
(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

## TEXAS PENAL CODE §22.02 Aggravated Assault

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:
(1) causes serious bodily injury to another, including the person's spouse; or
(2) uses or exhibits a deadly weapon during the commission of the assault.
(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:
(1) the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

## PRECEDENT QUESTIONS AT ISSUE

(1) What is the controlling factor or rule in applying "Family Violence" enhancements when, as in this case, the exact same elements can reasonably establish an offense under two penalty groups within the same staute?

and if the controlling factor is...

(a)...the statute; Is the statute unconstitutional because it violates the principles of Double Jeapordy and Due Process Notice by construction and application?

(b)... the indictment; Will the indictment be sufficient if it fails to describe with reasonable certainty, the "relationship" and/or Family Code, the state will rely on to prove that element beyond a reasonable doubt, and give sufficient notice of the exact offense charged?

(c)... jury charge; Is it necessary to make a "special finding" on the "relationship to or association with the defendant" to satisfy the burden of proof for the (b)(1) first degree §22.02 Aggravated Assault offense?

3.

## BURDEN OF PROOF

Elements of an offense must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt. Jones v. U.S., 119 S.Ct. 1215. To convict, all elements of offense must be established by independent evidence or corroberated admissions of the accused. U.S. v. Seckler, 431 F.2d 642 (C.A.5,Tex.). Jury must not be left to speculate and surmise in a criminal case. Guevara v. U.S., 242 F.2d 745 (C.A.5,Tex.1957). If a given statute is unclear about treating a particular fact as an element of the offense or as a penalty aggravator, it makes sense to look at what other statutes have done, on the fair assumption that Congress is unlikely to intend any radical departures from past practice without making a point of saying so. Jones v. U.S., 119 S.Ct.1215. If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact- no matter how the state labels it- must be found by a jury beyond a reasonable doubt. Ring v. Arizona,536 U.S. 584,602, 122 S.Ct. 2428. U.S.C.A.Const.Amend.6, see Booker, 125 S.Ct.738.

## JURY CHARGE

The trial court is obligated to charge the jury on the "law applicable to the case" which requires the jury be instructed concerning each element of the offense or offenses charged and that each statutory definition that affects the meaning of an element of an offense must also be given. Murphy v. State, 44 S.W.3d 656; Defendant is entitled to have all essential elements of charged offense submitted to jury and proven beyond a reasonable doubt. U.S.v. Hickman, 331 F.3d 439, appeal after new sentencing hearing 282 F.Supp.2d 528, afirmed 374 F.3d 275, certiorari granted, vacated 125 S.Ct. 1043, 543 U.S.1110.; Jury charge which authorizes a conviction without requiring the jury to find all the elements of the offense charge is fundamentally defective. Sanchez v. State, 182 S.W.3d 34.

[Because the charge is essential to the jury's deliberations, it is clear the the charge must include an accurate statement of the law. When the trial judge fails to correctly charge the jury on the applicable law, the integrity of the verdict is called into doubt because allowing the jury to receive an application of the law to the facts from partisan advocates without a neutral and unbiased instruction on the matter in the charge risks the degeneration of trial by jury to a debating contest, when the persuasiveness of competing applications of the law to the facts determine guilt or inocence, ] Abdnor v. State,871 S.W.2d 726 (Tex.Crim.App.1994)

4.

The construction of § 22.02 creates an issue of dividing the greater and lesser offense of aggravated assault because the exact same elements, in Foreman's case, are present in the second degree and first degree portions of the statute. Because the victim of the assault was the spouse of the defendant, the phrase "a member of the defendant's family" used in pleading the indictment failed to charge the offense with specificity because "Spouse" is stated in the (a)(1) second degree portion.

In order to prove a second degree offense of Aggravated assault, it is not necessary to prove the victim was the spouse of the defendant. But, that is not the case with the first degree portion, where spouse becomes an element to be proved. The conflict arises when the first degree portion is applied. While "spouse" is not an element to be proved for second degree purposes, it creates a problem in seeking a lesser included charge to the jury. The application of the second degreee for lesser included purposes is prejudiced by having no defining factor to seperate the first and second degree offense, when the victim is the spouse of the defendant. The only way to solve this issue would be in pleading the "relationship to or association with the defendant" as a "special finding" like a deadly weapon finding.

"In deciding whether the allegation of a greater offense includes a lesser offense, a court should compare the elements of the greater offense as pleaded in the indictment with the elements in the statute that define the lesser offense." Hall v. State, 225 S.W.3d 524 (TCA 2007) ; The two part test is:
1. Determining whether an offense is a lesser-included offense of the alleged offense (question of law)
2. Determining whether there is evidence that supports giving the instruction to the jury (Royster v.State.622 S.W.2d 442 (TCA 1981) ("some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense")

The Court of Criminal Appeals has ruled that the "pleadings approach" is the sole test for determining in the first step whether a party may be entitled to a lesser-included offense instruction. Hall,225 S.W.3d at 535.
Under the second prong, if evidence from any source raises the issue of a lesser included offense, charge on that offense is required. Saunders v.State, 913 S.W.2d 564 (TCA 1995)

Texas Penal Code § 22.02, subsection (b) was amended by the 79th Legislature, Regular Session, S.B.91, Chapter 788, Section 3, Effective Sept.1,2005. This change in the penal code enhanced the punishment range for "Family Violence" cases by incorporating the Family Code provisions as enhancement elements. By using the Family Code as an element, the victim's "relationship" to the defendant" must be defined and stated.

To clarify this enhancement issue affecting sentencing range, Foreman presents Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). In Apprendi, the Supreme Court addressed the same issue raised by Foreman's, unlawful sentence, ground for review. The comparison between Apprendi's "hate crime" and Foreman's "family violence" offense, demonstrates the need for the Court of Criminal Appeals of Texas to set precedent on the "sentencing error" raised by Foreman.

## * APPRENDI SYLLABUS *

Id. [Petitioner Apprendi fired several shots into the home of an African-American family and made a statement - which he later retracted - that he did not want the family in his neighborhood because of their race. He was charged under New Jersey law with, inter alia, second-degree possession of a firearm for an unlawful purpose, which carries a prison term of 5 -10 years. The count did not refer to the State's hate crime staute, which provides for an enhanced sentence if a trial judge finds, by a preponderance of the evidence that the defendant committed the crime with a purpose to intimidate a person or group because of, inter alia, race. After Apprendi pleaded guilty, the prosecutor filed a motion to enhance the sentence. The court found by the preponderance of the evidence that the shooting was racially motivated and sentenced Apprendi to a 12-year term on the firearms count. In upholding the sentence, the appeals court rejected Apprendi's claim that the Due Process Clause requires that a bias finding be proved to a jury beyond a reasonable doubt. The State Supreme Court affirmed, Upon granting Certiorari, The United States Supreme Court held the following:

HELD: The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Pp.2354-2366

(a) The answer to a narrow constitutional question presented - whether Apprendi's sentence was permissible, given that it exceeds the 10-year maximum for the offense charged - was foreshadowed by the holding in Jones v. United States, 526 U.S.227, 119 S.Ct. 1215, 143 L.Ed.2d 311, that,with regard to federal law, the Fifth Amendment's Due Process Clause and the Sixth Amendment's notice and jury trial guarantees require that any fact other than a prior conviction that increases the maximum penalty for a crime must be submitted to a jury, and proved beyond a reasonable doubt. The Fourteenth Amendment commands the same answer when a state statute is involved. Pp.2354-2355

(b) The Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. E.g. In re Winship,397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. The historical foundation for these principles extends down centuries into common law. While judges in this country have long excercised discretion in sentencing, such discretion is bound by the range of sentencing options prescribed by the Legislature. see e.g. United States v. Tucker, 404 U.S.443,447, 92 S.Ct. 589, 30 L.Ed.2d 592. The historic inseperability of verdict and judgement and the consistant limitation on judges discretion highlight the novelty of a scheme that removes the jury from the determination of a fact that exposes the defendant to a penalty exceeding the maximum he could receive if punished according to the facts reflected in the jury verdict. Pp.2355-2360.

(c) McMillan v. Pennsylvania,477 U.S. 79, 106 S.Ct.2411, 91 L.Ed.2d 67, was the first case in which the Court used "sentencing factor" to refer to a fact that was not found by the jury but could affect the sentence imposed by the judge. In finding that the scheme at issue there did not run afoul of Winship's strictures, this Court did not budge from the position that (1) constitutional limits exist to State's authority to define away facts necessary to constitute a criminal offense. 477 U.S., at 85-88, 106 S.Ct. 2411, and (2) a state scheme that keeps from the jury facts exposing defendants to greater or additional punishment may raise serious constitutional concerns. id.at 88, 106 S.Ct.1219 140 L.Ed.2d 350 - in which the Court upheld a federal law allowing a judge to impose an enhanced sentence based on prior convictions not alleged in the indictment - represents at best a exceptional departure from the historic practice. Pp. 2360-2363.

7.

(d) In light of the constitutional rule here, New Jersey's practice cannot stand. It allows a jury to convict a defendant of a second-degree offense on its finding beyond a reasonable doubt and then allows the judge to impose punishment identical to that New Jersey provides for first-degree crimes on his finding, by a preponderance of the evidence, that the defendant's purpose was to intimidate his victim based on the victim's particular characteristic. The State's argument that the biased purpose finding is not an "element" of a distinct hate crime offense but a "sentencing factor" of motive is nothing more than a disagreement with the rule applied to the case. Beyond this, the argument cannot succeed on its own terms. It does not matter how the required finding is labeled, but whether it exposes the defendant to a greater punishmet than that authorized by the jury's verdict, as does the sentencing "enhancement" here. The degree of culpability the legislature associates with factually distinct conduct has significant implications both for a defendant's liberty and for the heightened stigma associated with an offense the legislature has selected as worthy of greater punishment. That the State placed the enhancer within the criminal code's sentencing provisions does not mean that it is not an essential element of the offense. Pp.2363-2366.] 159 N.J.7, 731 A.2d 485, reversed and remanded.

## APPRENDI COMPARISON

(A) Apprendi was charged with a second-degree offense, the count did not refer to the state's "hate crime" statute; Foreman's indictment alleged that he caused serious bodily injury to his wife, using a deadly weapon. These elements are specifically stated in the second=degree portion of § 22.02. The ambiguous phrase "a member of the defendant's family" was used by the state to trigger the first degree punishment range, although the relationship is mentioned in both portions. The applicable Family Codes were not pled.

(B) The judge in his discretion made a finding that Apprendi's crime fit the New Jersey "hate crime" criteria and enhanced the punishment range; In Foreman's case, the jury returned a second degree verdict of guilt based on the portion of applicable law submitted for jury to apply to the facts. The jury applied the (a)(1)(2) seconds degree portion which was used in the written charge. After deciding second-degree guilt, the prosecutor used/abused his discretion in further instructing the jury to apply a first degree 5 - life range for determining punishment without a supporting finding on whether the victim's ralationship to the defendant was described by a Family Code.

(C) In Apprendi, the state's attorney argued that the "Hate Crime" enhancement was a "sentencing factor" and "not an element to be proved"; In Foreman's case, it appears the Attorney for the State of Texas, has the same, although incorrect, view of the § 22.02 (b)(1) first degree element of "relationship to or associaion with the defendant", which must be proved beyond a reasoanble doubt to obtain a first degree conviction.

## CONCLUSION

Based on the plain reading of the written jury charge, which is presumed to be correct, the jury decided Foreman's guilt by applying the second-degree (a)(1)(2) portion of Texas Penal Code § 22.02 Aggravated Assault. The evidence presented at trial is sufficient to support the second-degree conviction, and is therefore lawful.

Obviously the written charge was prepared in a manner calculated to deny Foreman his right to a "logocal" lesser included offense instruction. In the state's attempt to "force" the jury into a first degree range of punishment range without the jury knowing all the laws applicable to the case. The state inadvertantly made the sentence void as a matter of law by using the second degree portion of law for the jury to apply to the facts. It cannot be assumed that the jury found Foreman guilty of a offense for which the jury did not have the law or definitions for. As a matter of law the sentence has to reflect the range of punishment for the law the jury actually applied to the case, not the law the state "intended" to apply to the case. The jury was the trier of fact and did receive the law from the court. This law was applied by the jury.

## RELIEF REQUESTED

(1) REVERSE the life sentence, and remand to trial court for re-sentencing.

(2) SET PRECEDENT for lawfully pleading an indictment, and charging the jury, to establish a single, defineable offense of Aggravated Assault under § 22.02 when, the sepcific elements to be proved are present in both penalty groups within the same statute.

Respectfully Submitted,
Dennis Dean Foreman #1690179
3001 S.Emily Dr.
Beeville, TX 78102