17-3515 (L)
*United States v. McCoy*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Argued:  October 23, 2019
Decided:  January 23, 2023

Nos. 17-3515(L), 17-3516, 18-619, 18-625

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

EARL MCCOY, AKA P, MATHEW NIX, AKA
MEECH, AKA MACK, AKA MACKEY

*Defendants-Appellants*.

Appeal from the United States District Court
for the Western District of New York
No. 14-cr-6181, Elizabeth A. Wolford, *Judge*.

Before:     KEARSE, PARKER, and SULLIVAN, *Circuit Judges*.

In 2021, this Court affirmed in part and reversed in part Defendants' convictions after trial in the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).  Among other things, we affirmed Defendants' convictions under 18 U.S.C. § 924(c) for brandishing firearms during and in relation to attempted Hobbs Act robberies.  *See generally United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021).  The Supreme Court has now vacated our

judgment and remanded to us for further consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *See McCoy v. United States*, 142 S. Ct. 2863 (2022); *Nix v. United States*, 142 S. Ct. 2860 (2022). Having given due consideration to *Taylor*, we now reverse Defendants' section 924(c) convictions for brandishing firearms during and in relation to attempted Hobbs Act robberies. We leave all other aspects of our prior decision intact.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Rochester, NY, *for Appellee*.

Robert W. Wood, Law Office of Robert W. Wood, Rochester, NY, *for Defendant-Appellant Earl McCoy*.

Michael Jos. Witmer, Law Office of Michael Witmer, Rochester, NY, *for Defendant-Appellant Mathew Nix*.

PER CURIAM:

In 2021, this Court issued an opinion affirming in part and reversing in part the convictions of Defendants Earl McCoy and Mathew Nix after trial in the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*). Among other things, we affirmed Defendants' convictions under 18 U.S.C. § 924(c) for brandishing firearms during and in relation to attempted Hobbs Act robberies. *See generally United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021). The Supreme Court has now vacated our judgment and remanded to us for further

consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *See McCoy v. United States*, 142 S. Ct. 2863 (2022); *Nix v. United States*, 142 S. Ct. 2860 (2022). We assume familiarity with our earlier opinion and order.

Having given due consideration to *Taylor*, we now reverse Defendants' section 924(c) convictions on Counts 4 and 6 for brandishing firearms during and in relation to attempted Hobbs Act robberies. As the prosecution and the defense now agree, after *Taylor*, attempted Hobbs Act robbery no longer qualifies as a crime of violence under section 924(c)(3)(A). More specifically, the Supreme Court explained that attempted Hobbs Act robbery is not a crime of violence pursuant to section 924(c)(3)(A)'s elements clause because an attempt does not categorically require the government to prove that the defendant used, attempted to use, or threatened to use force against the person or property of another. *Taylor*, 142 S. Ct. at 2020–21. Rather, the government need only prove that the defendant intended to take property by force or threat and then took a substantial step to achieve that end – which hypothetically could fall short of the use, attempted use, or threatened use of force against another person or his property. *Id.*; *see also, e.g.*, *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022) (describing the holding of *Taylor*).

3

We nevertheless reject Defendants' contention that we should also reverse their section 924(c) convictions on Count 12 for brandishing firearms during and in relation to a *completed* Hobbs Act robbery. Defendants make much of *Taylor*'s offhand statement that "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause." *Id.* at 2020 (emphasis in original). According to Defendants, this turn of phrase casts doubt on whether a completed Hobbs Act robbery is itself a crime of violence. But we see nothing in *Taylor*'s language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A). *See, e.g.*, *United States v. Hill*, 890 F.3d 51, 56–60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019); *McCoy*, 995 F.3d at 53–55. Indeed, unlike in *Taylor*, Defendants here have presented no hypothetical case in which a Hobbs Act robbery could be committed without the use, attempted use, or threatened use of force against another person or his property. *See Hill*, 890 F.3d at 59–60 (holding that even "placing a victim in fear of injury by threatening the indirect application of physical force" does constitute the threatened use of physical force and thus does not "demonstrate that a Hobbs Act robbery is not categorically a crime of violence for the purpose of § 924(c)(3)(A)"); *see also United*

4

*States v. Taylor*, 979 F.3d 203, 207–08 (4th Cir. 2020) (explaining how its holding that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under section 924(c)(3)(A) was consistent with its holding in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), that substantive Hobbs Act robbery *does* categorically qualify as such a crime), *aff'd*, 142 S. Ct. 2015.

In addition to their *Taylor*-based theory, Defendants also ask us to reverse their section 924(c) convictions for brandishing firearms during and in relation to a Hobbs Act robbery based on *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022). We decline to do so. Even if we were to consider this argument despite the Supreme Court's limited remand instruction to reconsider our decision in light of *Taylor*, *see, e.g.*, *Escalera v. Coombe*, 852 F.2d 45, 47 (2d Cir. 1988); *United States v. Duarte-Juarez*, 441 F.3d 336, 340 (5th Cir. 2006), we as a panel do not have the ability to effectively overrule prior panel decisions like *Hill* based on the panel decision in *Chappelle*, *see, e.g.*, *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014). In any event, we do not read *Chappelle* to be inconsistent with *Hill*. In *Chappelle*, we held that Hobbs Act robbery is not a crime of violence under the elements clause of the United States Sentencing Guidelines' career offender provision because Hobbs Act robbery "broadly . . . include[s] crimes that can be

5

based on threats against either people or property," 41 F.4th at 109, whereas the Sentencing Guidelines define crimes of violence as offenses that have "as an element the use, attempted use, or threatened use of physical force *against the person* of another," *id.* (quoting U.S.S.G. § 4B1.2(a)(1)) (emphasis in original). The same is not true for section 924(c)(3)(A). *See, e.g.*, *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017) ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. 4B1.2(a)(1), which is limited to force against a person." (emphasis in original)).[1]

We also reject Defendants' contention that, having previously reversed Defendants' Count 2 convictions, *see McCoy*, 995 F.3d at 53, and having now reversed Defendants' Count 4 and 6 convictions, we must reverse all the other counts and remand the case for a new trial based on prejudicial spillover from the reversed counts. "When an appellate court reverses some but not all counts of a

---

[1] Similarly, Defendants ask us to reconsider our holding pertaining to alleged juror misconduct, *see McCoy*, 995 F.3d at 44–52, based on out-of-circuit case law regarding the proper interpretation of *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984). Again, even if we were to consider this argument despite the limited scope of the Supreme Court's remand, *see, e.g.*, *Escalera*, 852 F.2d at 47, we do not see a sufficiently compelling reason to upset our prior holding, *see Kotler v. Am. Tobacco Co.*, 981 F.2d 7, 12–13 (1st Cir. 1992); *cf. United States v. Plugh*, 648 F.3d 118, 123–24 (2d Cir. 2011); *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

multicount conviction, the court must determine if prejudicial spillover from evidence introduced in support of the reversed count requires the remaining convictions to be upset." *United States v. Rooney*, 37 F.3d 847, 855 (2d Cir. 1994). In weighing a claim of prejudicial spillover, courts look at several factors, one being the "similarities and differences" between the evidence on the reversed counts and the remaining counts. *Id.* "[W]here the reversed and the remaining counts arise out of similar facts, and the evidence introduced would have been admissible as to both," courts have typically concluded that the defendant has suffered no prejudice. *Id.* at 855–56. Here, primarily because the evidence for the reversed section 924(c) counts flows from the same facts and circumstances as the remaining counts, we likewise conclude that the Defendants have not suffered prejudicial spillover as a result of the now dismissed counts.

Accordingly, for the reasons stated herein, we **REVERSE** Defendants' convictions on Counts 4 and 6, and, for the reasons stated in our earlier opinion, we **REVERSE** Defendants' convictions on Count 2. Also for the reasons stated in our earlier opinion, we **AFFIRM** Defendants' convictions in all other respects and **REMAND** this matter to the district court for dismissal of Counts 2, 4, and 6 and for resentencing, including consideration of the First Step Act in the first instance.

7