18-2651
*United States v. Waite*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
> *Appellee*,

v.                                                            No. 18-2651

SELBOURNE WAITE,
> *Defendant-Appellant*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Defendant-Appellant:** | MICHELLE ANDERSON BARTH, The Law Office of Michelle Anderson Barth, Burlington, VT. |
| **For Appellee:** | ANDREW CHAN (Thomas McKay, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **VACATED** in part, **AFFIRMED** in part, and that the case is **REMANDED** to the district court for resentencing.

On August 31, 2021, this Court affirmed Selbourne Waite's convictions and sentence after a jury found him guilty of four counts of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, among other charges. *See United States v. Waite*, 12 F.4th 204 (2d Cir. 2021), *cert. granted, vacated, and remanded*, 142 S. Ct. 2864 (2022). The Supreme Court has since vacated our judgment and remanded this proceeding to us after holding that attempted Hobbs Act robbery is not categorically a "crime of violence" under

section 924(c). *United States v. Taylor*, 142 S. Ct. 2015, 2020–21 (2022). We assume familiarity with our original opinion.

In light of the Supreme Court's holding in *Taylor*, we are obliged to vacate Waite's section-924(c) convictions on Counts Twenty-Five and Thirty-Two, both of which were predicated on an attempted Hobbs Act robbery. *See, e.g.*, *United States v. McCoy* (*McCoy II*), 58 F.4th 72, 73 (2d Cir. 2023) (after *Taylor*, vacating section-924(c) convictions predicated on attempted Hobbs Act robberies). We therefore remand to the district court for de novo resentencing on all counts. *See United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) (explaining that de novo resentencing is the "default rule" after a conviction is vacated on appeal).

We do not, however, vacate Waite's other section-924(c) convictions – Counts Twenty-Six and Twenty-Seven – which were each predicated on a completed Hobbs Act robbery. Although *Taylor* held that attempted Hobbs Act robbery does not qualify as a crime of violence, nothing in the Supreme Court's decision "undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)." *McCoy II*, 58 F.4th at 74. Nor has *Taylor* disturbed our prior holding that aiding and abetting a Hobbs Act robbery – like committing a Hobbs

3

Act robbery itself – is a proper predicate under section 924(c).  *See United States v. McCoy* (*McCoy I*), 995 F.3d 32, 58 (2d Cir. 2021), *cert. granted, vacated, and remanded*, 142 S. Ct. 2863 (2022), *reinstated in part*, *McCoy II*, 58 F.4th 72; *see McCoy II*, 58 F.4th at 75 (expressly adopting the parts of *McCoy I* not contradicted by *Taylor*).  We therefore affirm Waite's section-924(c) convictions on Counts Twenty-Six and Twenty-Seven.

Accordingly, we **VACATE** Waite's convictions on Counts Twenty-Five and Thirty-Two, **AFFIRM** Waite's convictions in all other respects, and **REMAND** this case to the district court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court