22-1676
United States v. Centeno

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-four.

PRESENT:
    JOSÉ A. CABRANES
    GERARD E. LYNCH,
    MYRNA PÉREZ,
        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

        v.                                                    No. 22-1676

YAUREL CENTENO, a/k/a SEALED DEFENDANT 1,

            *Defendant-Appellant*.

_____

1

FOR APPELLEE:                          THOMAS JOHN WRIGHT (Hagan Scotten, *on the brief*), Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                MICHAEL O. HUESTON, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

On appeal, Defendant-Appellant Yaurel Centeno challenges (1) his sentence, predicated on his classification as a career offender under the Career Offender Enhancement Provision of the U.S. Sentencing Guidelines, and (2) his conviction for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c).

In October 2021, Centeno pleaded guilty to (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (2) committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and (3) brandishing a firearm in furtherance of Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). In 2022, the district court imposed a sentence of 144 months' imprisonment, followed by a term of five years of supervised release. In fashioning Centeno's sentence, the district court found that Centeno qualified as a career offender under the Career Offender Enhancement Provision of the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1(a), 4B1.2(a), and considered the limitation that the career offender enhancement placed on the downward departure the district court could grant in calculating the Guidelines range.

Centeno's appeal presents two issues: (1) whether conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery are categorically crimes of violence under the career offender definition in U.S.S.G. § 4B1.2(a); and (2) whether substantive Hobbs Act robbery is categorically a "crime of violence" under 18 U.S.C. § 924(c), in light of *United States v. Taylor*, 596 U.S. 845 (2022). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

I.      **Conspiracy To Commit Hobbs Act Robbery and Substantive Hobbs Act Robbery Are Not Categorically Crimes of Violence Under U.S.S.G § 4B1.2(a).**

First, we agree with Centeno that the district court erred in designating him as a career offender under the Sentencing Guidelines. Under the Sentencing Guidelines, a defendant qualifies as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the **instant offense of conviction is a felony that is** either **a crime of violence** or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (emphases added). The term "crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that **(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or** (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, **extortion**, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a) (emphases added).

On appeal, the Government conceded that, under *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), neither of Centeno's Hobbs Act convictions qualifies as a "crime of violence" under § 4B1.2(a). Because none of Centeno's instant offenses constitute crimes of violence under § 4B1.2(a), Centeno cannot be classified as a career offender under U.S.S.G. § 4B1.1(a).

3

This Court has often found Guidelines errors harmless where "the record indicates clearly that 'the district court would have imposed the same sentence' in any event." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008)). However, the record—and in particular, the district court's remarks during the sentencing hearing—suggest that in the absence of the Guidelines error, the district court may have imposed a different sentence. App'x at 122 (noting that although a "downward departure is appropriate," such a departure would be limited only to one criminal history category due to Centeno's classification as a career offender"), 139 ("I think the guidelines calculation driven by the career offender guideline is excessive and unreasonably harsh here.").

As a result, we find it appropriate to vacate Centeno's sentence and remand the case for resentencing.

## II.      Substantive Hobbs Act Robbery Is Categorically a "Crime of Violence" Under 18 U.S.C. § 924(c).

We disagree, however, with Centeno's challenge to his conviction on Count Three on the basis that substantive Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c), in light of the Supreme Court's decision in *Taylor*.

In *United States v. McCoy*, 58 F.4th 72 (2d Cir. 2023), this Court held that substantive Hobbs Act robbery qualifies as a crime of violence for purposes of Section 924(c), even after *Taylor*. 58 F.4th at 74. On appeal, Centeno seeks to distinguish his case from *McCoy* by identifying two hypothetical examples of Hobbs Act robberies that the *McCoy* panel did not consider—hypotheticals recently considered and rejected by this Court in *United States v. Barrett*, 102 F.4th 60, 81–83 (2d Cir. 2024). As with the defendant in *Barrett*, Centeno "has not cited any authority that permits us to disregard precedent that squarely rules on an issue simply because an

4

earlier panel may not have considered additional arguments now proffered by a party." *Id.* at 82.

Accordingly, we affirm Centeno's conviction on Count Three because the Hobbs Act robbery predicate for that count is categorically a crime of violence for purposes of 18 U.S.C. § 924(c).

### III.  Conclusion

In light of the foregoing, we AFFIRM as to Centeno's conviction on Count Three, VACATE the sentence, and REMAND the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court