21-3104-cr
*United States v. Rich*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-four.

PRESENT:
DENNIS JACOBS,
RICHARD C. WESLEY,
BETH ROBINSON,
*Circuit Judges.*

─────────────────────────────────────

UNITED STATES OF AMERICA,

*Appellee*,

v.

No. 21-3104-cr

TISHEEM RICH, AKA TERROR,

*Defendant-Appellant*.

─────────────────────────────────────

FOR DEFENDANT-APPELLANT: DONNA R. NEWMAN, Law Offices of Donna R. Newman, PA, New York, NY.

FOR APPELLEE:                                  MICHAEL W. GIBALDI (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 14, 2021, is **AFFIRMED,** and the government's February 4, 2022 motion is **DISMISSED** as moot.

Defendant-Appellant, Tisheem Rich, appeals a judgment of conviction for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He pled guilty to the offenses and admitted to robbing a 7-Eleven store in Queens with three others, one of whom brandished a gun.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

As part of his guilty plea, Rich agreed not to appeal or collaterally attack either his conviction or sentence as long as the district court sentenced him to a term of imprisonment of 121 months or less.  Rich specifically waived the right to

2

raise on appeal or collateral review any argument that "the statutes to which [he] is pleading guilty are unconstitutional" or that his "admitted conduct does not fall within the scope of the statutes." App'x 23.

The district court sentenced Rich to 111 months' imprisonment, with two years of supervised release to follow. He now appeals, arguing that his 18 U.S.C. § 924(c) conviction must be vacated because substantive Hobbs Act robbery does not constitute a valid "crime of violence" under that statute. The government moved to dismiss the appeal on the ground that it is barred by Rich's appeal waiver. Because we conclude that Rich's appeal fails on the merits, we AFFIRM the judgment of the district court and DISMISS the government's motion as moot.

Rich asks us not to enforce his appeal waiver for two reasons. First, he argues an appeal waiver cannot bar an individual's due process right to challenge a conviction under a statute that the Supreme Court has retroactively declared unconstitutional. Second, he argues that changes in law that affect a court's subject-matter jurisdiction cannot be waived.

Even if we accepted Rich's argument that his appeal waiver is unenforceable in this context—a question we do not reach—we would conclude that his challenge to his § 924(c) conviction fails on the merits. Rich argues that the

3

Supreme Court's holding in *United States v. Taylor*, 596 U.S. 845 (2022), that *attempted* Hobbs Act robbery is not a valid "crime of violence" predicate extends to *substantive* Hobbs Act robbery as well. He thus argues that his § 924(c) conviction is invalid. But our Court has already explicitly rejected this argument and concluded that "nothing in *Taylor*'s language or reasoning . . . undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)." *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023).

To explain his *Taylor*-based argument, Rich raises a hypothetical that, he contends, reveals that Hobbs Act robbery is not categorically a crime of violence. Specifically, he argues that someone can commit Hobbs Act robbery by "putting a victim in fear of economic injury to an intangible asset," including by "threatening to devalue an economic interest such as a stock holding or a contract right via defamation." Appellant's Br. at 23. According to Rich, because these examples satisfy the elements of Hobbs Act robbery but do not involve the "use, attempted use, or threatened use of physical force," substantive Hobbs Act robbery is categorically overbroad to qualify as a "crime of violence" under § 924(c)(3)(A).

We recently rejected a similar argument in *United States v. Barrett*, 102 F.4th 60 (2d Cir. 2024). There, we reaffirmed our understanding that substantive Hobbs Act robbery is a "crime of violence" for purposes of § 924(c) and rejected an analogous attempt to propound hypothetical Hobbs Act robberies that do not involve the use, attempted use, or threatened use of physical force in order to show the offense is not categorically a crime of violence. *Id.* at 81–83. Consequently, we must reject Rich's argument here. We are bound by rulings of prior panels and may not "disregard precedent that squarely rules on an issue simply because an earlier panel may not have considered additional arguments now proffered by a party." *Id.* at 82.

* * *

We have considered Rich's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DISMISS** the government's motion as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
