23-6806-cr
*United States v. Morrison (Miller)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> PIERRE N. LEVAL,
> DENNY CHIN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                              23-6806-cr

LAFAYETTE MORRISON, KHALEEL WILLIAMS,

> *Defendants*,

LAMEL MILLER,

> *Defendant-Appellant*.

_____

For Appellee:                          RACHEL A. SHANIES, Assistant United States Attorney, (Anthony Bagnuola, Matthew R. Galeotti, Assistant United States Attorneys, *on the brief*), *on behalf of* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

For Defendant-Appellant:                    BEVERLY VAN NESS, Attorney for Defendant-Appellant, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Lamel Miller appeals from a judgment entered on July 20, 2023, in the United States District Court for the Eastern District of New York (Donnelly, *J.*), convicting him, after a jury trial, of possessing and/or brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii). Prior to trial, Miller pleaded guilty to one count each of Hobbs Act robbery conspiracy, and substantive Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a). Following his conviction at trial, Miller was sentenced principally to a 24-month term of imprisonment for the Hobbs Act robbery and conspiracy counts and a consecutive 84-month term of imprisonment for the firearm offense. On appeal, Miller argues that his § 924(c) conviction must be vacated because it was predicated on his commission of a substantive Hobbs Act robbery, which he contends is not categorically a "crime of violence" under 18 U.S.C. § 924(c). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to **AFFIRM**.

In *United States v. Taylor*, the Supreme Court held that an *attempted* Hobbs Act robbery does not constitute a categorical crime of violence under 18 U.S.C. § 924(c). 596 U.S. 845, 851 (2022). When it applied the categorical approach, the Supreme Court rejected the applicability of the proviso in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), that proposed conduct must be "more than the application of legal imagination to [the] . . . statute's language" but have a "realistic probability" that was based on the facts of a defendant's case or other existing cases. *Duenas-Alvarez*, 549 U.S. at 193; *see Taylor*, 596 U.S. at 858. Instead, the Supreme Court applied its own hypothetical in its categorical approach in *United States v. Taylor*. 596 U.S. at 851–52.

Miller argues that a completed Hobbs Act robbery cannot be categorically a crime of violence because it can be committed through a threat of harm to intangible property or by threat of harm to oneself, which would not satisfy the requirements of 18 U.S.C. § 924(c)(3)(A). He argues further that the Supreme Court's rejection of *Duenas-Alvarez* in *Taylor* implies a rejection of our holding in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), which relied on the rule in *Duenas-Alvarez*.

However, in *United States v. McCoy*, we held that "nothing in *Taylor*'s language or reasoning . . . undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)." 58 F.4th 72, 74 (2d Cir. 2023). And in *United States v. Barrett*, in which the appellant advanced the same arguments as made here by Miller, we rejected the arguments based on our

3

conclusion that *McCoy* had established for this Circuit that a completed Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c).   102 F.4th 60, 82 (2d Cir. 2024). We are bound by our court's ruling in *Barrett*.

We have considered Miller's remaining arguments and find them to be without merit.   Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk