24-1265-cr
United States v. Burns

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 24-1265-cr

TASHAWN BURNS, AKA YETTIBOSS, AKA YB,

*Defendant-Appellant*,

DAVID JONES, RICARDO FRANCO, AKA SLICK, AKA SLICK RICK,

*Defendants*.

------------------------------------------------------------------

FOR APPELLEE:                                        Amy Busa, Mark E. Misorek,
                                                     Assistant United States
                                                     Attorneys, *for* John J. Durham,
                                                     United States Attorney for the
                                                     Eastern District of New York,
                                                     Brooklyn, NY

FOR APPELLANT:                                       John F. Carman, Law Office of
                                                     John F. Carman, Garden City,
                                                     NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Tashawn Burns appeals from an April 23, 2024 judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) convicting him, following a guilty plea, of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii).   The District Court sentenced Burns principally to 120 months' imprisonment.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain

2

our decision to affirm.

In his counseled brief, Burns argues that his conviction under 18 U.S.C. § 924(c) must be vacated because substantive Hobbs Act robbery does not constitute a "crime of violence" under § 924(c). Burns acknowledges that his argument is foreclosed by this Court's decisions in *United States v. McCoy*, 58 F.4th 72 (2d Cir. 2023), and *United States v. Barrett*, 102 F.4th 60 (2d Cir. 2024), but he seeks to preserve the issue for in banc or Supreme Court review. As Burns recognizes, we remain "bound by prior decisions of this court unless and until the precedents established therein are reversed *en banc* or by the Supreme Court." *United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009). In *McCoy*, after the Supreme Court remanded the case for further consideration in light of its recent decision in *United States v. Taylor*, 596 U.S. 845 (2022), we explained that "nothing in *Taylor*'s language or reasoning . . . undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)." 58 F.4th at 74. In *Barrett*, we reaffirmed that substantive Hobbs Act robbery remains a crime of violence under § 924(c) after specifically considering and rejecting the same arguments that Burns advances — that Hobbs Act robbery could be committed by threatening

3

harm to oneself or by threatening nonphysical injury to intangible property. 102 F.4th at 81–83. We see no reason in this case to question the validity of *McCoy* and *Barrett* and accordingly affirm Burns's conviction under § 924(c).

In a supplemental brief filed *pro se*, Burns also contends that his Hobbs Act robbery conviction must be vacated because he did not intend to affect interstate or foreign commerce. Although Burns waived his right to appeal his Hobbs Act conviction in his plea agreement, we construe his *pro se* brief as also challenging his § 924(c) conviction, which is not barred by the appeal waiver. "[C]onstrued liberally," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), Burns's *pro se* brief presents both a question of law — whether the Hobbs Act requires specific intent to affect interstate commerce — and a question of fact — whether there was sufficient basis in the record to find an effect on interstate commerce. We review the legal question *de novo*, *see United States v. Aleynikov*, 676 F.3d 71, 76 (2d Cir. 2012), and the District Court's determination that Burns's allocution supported his conviction for abuse of discretion, *see United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006).

We have long held that the Hobbs Act does not require proof that a defendant specifically intended to affect interstate commerce. "[T]he

4

government need not prove that it was the defendant['s] purpose to affect commerce; it suffices that [his] conduct had that natural effect." *United States v. Arena*, 180 F.3d 380, 390 (2d Cir. 1999), *abrogated on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003). Here, the record demonstrates that Burns's conduct had at least a *de minimis* effect on interstate commerce, which is enough to satisfy the Hobbs Act's jurisdictional element. *See United States v. Jamison*, 299 F.3d 114, 118 (2d Cir. 2002); *see also United States v. Orelien*, 119 F.4th 217, 225 & n.9 (2d Cir. 2024). During the plea colloquy, the Government proffered that it would have introduced evidence at trial that some of the money Burns stole was designated for payroll at a restaurant that receives out-of-state and foreign goods. Immediately following the Government's proffer, Burns pleaded guilty to the Hobbs Act and § 924(c) counts. Burns also signed a plea form asserting that he "knowingly and intentionally obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce by robbery, specifically, the robbery of payroll funds" from the victim. App'x 44. Accordingly, we conclude that the District Court had a sufficient factual basis to determine that Burns's robbery affected interstate commerce, satisfying the jurisdictional element of the Hobbs Act.

5

**CONCLUSION**

We have considered Burns's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court