24-413
*U.S. v. Morrison*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

PRESENT:
REENA RAGGI,
RICHARD C. WESLEY,
MYRNA PÉREZ,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 No. 24-413

LAMEL MILLER, KHALEELWILLIAMS,

*Defendants,*

LAFAYETTE MORRISON,

*Defendant-Appellant.*

_____

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | HARRY SANDICK, (Christine Harper, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY. |
| **FOR APPELLEE:** | VINCENT CHIAPPINI, (Saritha Komatireddy, *on the brief*), Assistant United States Attorney, *on behalf of* Joseph Nocella, Jr., United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Lafayette Morrison appeals the District Court's June 15, 2023 judgment of conviction and sentence. At trial, the government presented evidence that Morrison acted as the "inside man" for a robbery at the Aqueduct Racetrack in Queens, New York while working as a security guard. Morrison was convicted on charges of conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), possessing and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii), and obstruction of justice in violation of 18 U.S.C. § 1512(c)(2).

On appeal, Morrison argues the District Court erred in admitting testimony regarding a prior arrest without, at least, a limiting instruction.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1] In the District Court, Morrison moved to dismiss the firearm charge against him on the grounds that the predicate crime of completed Hobbs Act robbery is not categorically a crime of violence. Morrison acknowledges this argument is foreclosed by binding law in this Circuit. *See United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 115 (2023); *United States v. Barrett*, 102 F.4th 60, 82–83 (2d Cir. 2024). We therefore do not address the argument here. Nevertheless, he raises the issue on appeal to preserve it in the event of a future change in the law.

2

## I. Standard of Review

We review appeals of evidentiary decisions "for abuse of discretion, recognizing that district courts enjoy broad discretion over the admission of evidence." *United States v. Barret*, 848 F.3d 524, 531 (2d Cir. 2017) (internal quotations omitted) (alterations adopted). Where an issue has been preserved, we apply harmless error review. "We may hold that an evidentiary error is harmless only 'if we can conclude with fair assurance' that the wrongly excluded or admitted evidence would not have or 'did not substantially influence the jury.'" *United States v. Zhong*, 26 F.4th 536, 558 (2d Cir. 2022) (quoting *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010)). Where a party did not request a limiting instruction at trial, we review the district court's failure to provide one for plain error. *United States v. Elfgeeh*, 515 F.3d 100, 126 (2d Cir. 2008).

## II. Discussion

The District Court made no error, under any standard, in permitting the disputed testimony. Before trial, the District Court ruled that evidence related to Morrison's more than twenty-year-old arrest with a co-conspirator was unduly prejudicial and inadmissible. Morrison argues that the District Court went on to permit such testimony during trial, but the record contradicts this argument.

While the government was questioning a law enforcement witness about his investigation into the racetrack robbery on direct examination, the witness twice stated that he had conducted an "associate search" for Morrison's name. J. App'x at 584. On both occasions, the witness's testimony was cut off, either by objection from Morrison's counsel or interruption by the District Court. The witness never testified as to what an "associate search" entails, the results of the search, or Morrison's prior arrest.

Morrison asserts that the jury could infer from the testimony that his name was in a law

3

enforcement database, and thus, the jury was likely to reach the conclusion that he had been previously arrested. But the passing reference to an "associate search" here gave the jury no reasonable basis to infer from the witness's testimony that Morrison was previously arrested or had a propensity for criminal activity. Therefore, the District Court did not err in its treatment of the testimony.

Even if the testimony were improperly admitted or should have been stricken or limited by instruction, the testimony does not warrant reversal under either harmless error or plain error review.[2]

If the admission of the testimony was an error, it was a harmless error. In conducting a harmless error analysis, the burden is on the government, and we consider, "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted evidence; and (4) whether such evidence was cumulative of other properly admitted evidence." *United States v. Al-Moayad*, 545 F.3d 139, 164 (2d Cir. 2008) (quoting *United States v. Kaplan*, 490 F.3d 110, 123 (2d Cir. 2007) (alterations adopted)). All four factors weigh in the government's favor. First, the government's case against Morrison was thorough and convincing. Though the government relied on a cooperating witness—whose credibility was attacked—to provide direct testimony as to Morrison's role as the inside man in the robbery, that testimony was corroborated by reams of circumstantial evidence including cell phone records and the testimony of other witnesses. *See United States v. Garcia*, 413 F.3d 201, 218 (2d Cir. 2005) (finding a challenge to a cooperating witness's credibility to be

---

[2]    The Government appears to assume that because Morrison objected to the testimony itself, the Court utilizes harmless error review in evaluating the District Court's decision to admit the evidence. *See* Appellee Br. at 14. But Morrison did not seek to strike the testimony or a limiting instruction, and therefore, he concedes that plain error review applies to the District Court's failure to take such actions. *See* Appellant Br. at 23. As explained below, regardless of the standard applied, the Court determines there is no basis for reversal.

"relatively weak in light of the substantial corroboration"). As to the second and third factors, the testimony regarding the "associate search" was not mentioned in the government's closing arguments and cannot reasonably be described as important to the government's case. Finally, Morrison stipulated to the fact that he had a pre-existing relationship with one of his co-conspirators, and thus, even if the testimony revealed they were "associates," the testimony was at least in part cumulative of properly admitted evidence.

For the same reasons, even assuming the District Court erred in not striking or limiting the testimony, Morrison has not carried his burden to warrant reversal under plain error review. *See United States v. Moore*, 975 F.3d 84, 93 n.37 (2d Cir. 2020) (noting the burden is on Appellant for plain error review); *United States v. Gershman*, 31 F.4th 80, 101 n.11 (2d Cir. 2022) (finding no need to proceed to plain error review after determining an error was harmless).

## III. Conclusion

We have considered Morrison's remaining arguments and find them to be without merit. Accordingly, we AFFIRM.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5