23-7841 (L)
*United States v. McCoy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*
> P. KEVIN CASTEL,
> *District Judge.**

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                    Nos. 23-7841 (L)
>                                            23-7910 (Con)

_____

* Judge P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

CLARENCE LAMBERT, JECOVIOUS BARNES,
a.k.a. BUBBA, a.k.a. BUBBS, a.k.a. BUB,

*Defendants,*

EARL MCCOY, a.k.a "P", and MATTHEW NIX,
a.k.a. MEECH, a.k.a. MACK, a.k.a. MACKEY,

*Defendants-Appellants.*

_____

| | |
|---|---|
| **For Defendant-Appellant Earl McCoy:** | Jamesa J. Drake, Drake Law LLC, Auburn, MN. |
| **For Defendant-Appellant Matthew Nix:** | MICHAEL JOS. WITMER, Rochester, NY. |
| **For Appellee:** | ROBERT A. MARANGOLA (Tiffany H. Lee, *on the brief*), Assistant United States Attorneys, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Rochester, NY. |

Appeal from amended judgments of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 17, 2023 judgments of the district court are **AFFIRMED**.

Earl McCoy and Matthew Nix (together, "Defendants") appeal from amended judgments of conviction following a jury trial in 2017 in which they were

found guilty of Hobbs Act robbery, multiple attempted Hobbs Act robberies, Hobbs Act conspiracy, narcotics conspiracy, and related firearms offenses. On what is now their third appeal to this Court, Defendants (1) seek to relitigate arguments heard twice previously by this Court regarding juror misconduct, and (2) raise new due-process challenges. McCoy separately argues – for the first time – that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him; he also asserts a variety of challenges to his sentence in a *pro se* supplemental brief. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.     Procedural History

On March 17, 2017, a jury convicted Defendants of one count of Hobbs Act Conspiracy, in violation of 18 U.S.C. §§ 1951(a), (b)(1) (Count 1); two counts of Attempted Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 3 and 5); three counts of Brandishing Firearms During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(C)(i) and 2 (Counts 2, 4, and 6); one count of Conspiracy to Possess with Intent to Distribute Marijuana, Heroin, and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(D) (Count 7); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in

violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 8); one count of Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 11); and one count of Brandishing Firearms During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(C)(ii) and 2 (Count 12). McCoy and Nix were also each convicted of one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 9 and 10).

On Defendants' first appeal, we reversed their conviction under section 924(c) on Count 2 and affirmed their convictions on all other counts. *See United States v. McCoy*, 995 F.3d 32, 37 (2d Cir. 2021) ("*McCoy I*"). The Supreme Court then vacated our judgment and remanded for further consideration in light of *United States v. Taylor*, 596 U.S. 845 (2022). *See McCoy v. United States*, 142 S. Ct. 2863 (2022); *Nix v. United States*, 142 S. Ct. 2860 (2022). On remand, we reversed Defendants' section 924(c) convictions on Counts 4 and 6, affirmed their convictions in all other respects, and remanded to the district court "for dismissal of Counts 2, 4, and 6 and for resentencing, including consideration of the First Step Act in the first instance." *United States v. McCoy*, 58 F.4th 72, 75 (2d Cir. 2023) ("*McCoy II*"). Following dismissal of counts 2, 4, and 6, the district court resentenced McCoy to 87 years' imprisonment, to be followed by a five-year term

of supervised release, and Nix to 105 years' imprisonment, to be followed by a five-year term of supervised release.

## II. Discussion

Given the unusual procedural history in this case, we must first determine which of Defendants' arguments, if any, "are properly before us and not barred by the law of the case doctrine." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). That doctrine "ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) (internal quotation marks omitted). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars . . . an appellate court in a subsequent appeal from reopening such issues unless the mandate can reasonably be understood as permitting it to do so." *Id.* (internal quotation marks omitted). We depart from the law-of-the-case doctrine "sparingly and only when presented with cogent and compelling reasons," *Puricelli v. Argentina*, 797 F.3d 213, 218–19 (2d Cir. 2015), such as where there is (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct

a clear error or prevent manifest injustice," *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (citation omitted).

Defendants, for the second time, ask us to reconsider our holding in *McCoy I* pertaining to alleged juror misconduct and the proper interpretation of *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984). We rejected the argument that juror misconduct necessitated a new trial in *McCoy I* and declined to reconsider our decision in *McCoy II*. *See McCoy I*, 995 F.3d at 44–52; *McCoy II*, 58 F.4th at 75 n.1. Defendants raise no compelling reason to reconsider our prior decisions: they point to no "intervening Supreme Court decision that casts doubt on our controlling precedent," identify no newly available evidence, and articulate no "need to correct a clear error or prevent manifest injustice." *United States v. Plugh*, 648 F.3d 118, 123–24 (2d Cir. 2011) (emphasis added) (internal quotation marks omitted). Thus, we again decline to do so. *See Quintieri*, 306 F.3d at 1225.

Defendants also argue – for the first time – that they were denied due process because of (1) an FBI agent's alleged decision to run criminal histories on potential jurors during jury selection, and (2) the cumulative effect of various trial errors. But these arguments were "ripe for review at the time of [their] initial appeal" to this Court and "w[ere] nonetheless foregone." *Frias*, 521 F.3d at 234

6

(internal quotation marks omitted). Because Defendants fail to explain why they are raising these claims only now – almost nine years after they were convicted – the law-of-the-case doctrine forecloses their due-process arguments.

McCoy next asserts that we should reverse his conviction under section 922(g)(1) because the statute is unconstitutional as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Even assuming we could consider such a challenge, McCoy's challenge is foreclosed by our own Circuit precedent in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026), where we expressly held that section 922(g)(1) does not violate the Second Amendment and is constitutional as applied to felons, *see id.* at 91–96. Since *Zherka*, we have consistently rejected challenges like McCoy's, *see, e.g.*, *United States v. Gonzalez*, No. 24-1539, 2025 WL 2327335, at *1 (2d Cir. Aug. 13, 2025); *United States v. Rodriguez*, No. 25-181, 2025 WL 3716677, at *1 (2d Cir. Dec. 23, 2025), and we do the same here.

In a *pro se* supplemental brief, McCoy separately argues that the district court (1) erroneously imposed concurrent terms of supervised release on his remaining section 924(c) convictions, (2) improperly considered acquitted conduct

7

in fashioning his sentence, and (3) should have submitted the facts used to support the application of various enhancements under the advisory Sentencing Guidelines to a jury. Because McCoy did not object to the terms of his supervised release or to any sentencing error below, we review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). We find none here.

For starters, 18 U.S.C. § 3624(e) expressly provides that terms of supervised release are to run concurrently where a defendant is convicted of multiple offenses. Moreover, 18 U.S.C. § 924(c)(1)(D)(ii), the provision McCoy points to in support of his assertion that the concurrent terms of *supervised release* are improper, says nothing whatsoever about supervised release and instead prohibits district courts from imposing concurrent terms of *imprisonment* where a defendant is convicted of multiple counts. Consequently, the district court did not err when it imposed concurrent terms of supervised release on McCoy's remaining section 924(c) convictions – Counts 8 and 12.

With respect to McCoy's contention that the district court wrongly considered "acquitted conduct" when resentencing him, McCoy misconstrues the vacatur of three of his section 924(c) convictions – on Counts 2, 4, and 6 – as acquittals. They are not. Moreover, the Supreme Court has expressly recognized

8

that "when a defendant's [section] 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." *United States v. Davis*, 588 U.S. 445, 469 (2019) (internal quotations omitted). And it is well established that district courts may consider sentencing enhancements not previously applied following vacatur of a section 924(c) conviction. *See, e.g., United States v. Cain*, 837 F. App'x 853, 855–56 (2d Cir. 2021) (finding no error where the district court, after vacatur of the defendant's section 924(c) conviction, newly applied a five-level enhancement for the defendant's use of a firearm in connection with a robbery conspiracy); *see also United States v. Pizzuti*, 843 F. App'x 383, 384 (2d Cir. 2021).

That is precisely what happened here. By virtue of the vacatur of Counts 2, 4, and 6, the district court was obliged to recalculate the advisory Guidelines range for Counts 1, 3, and 5 pursuant to U.S.S.G. § 2B3.1(b)(2), which provides for enhancements when the underlying Hobbs Act Robbery offense involved the discharge, use, brandishing, or possession of a firearm. Although those enhancements did not apply in connection with McCoy's prior sentences because of the imposition of sentences for the section 924(c) convictions, *see* U.S.S.G.

9

§ 2K2.4, App. Note 4(A) (directing district courts to "not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense" if a sentence for a violation of section 924(c) has already been imposed), the vacatur of those convictions and sentences made it appropriate on remand for the district court to consider McCoy's use of firearms during the underlying offenses. Accordingly, the district court did not err in considering the "same underlying criminal conduct for which [McCoy] was sentenced initially" when resentencing him, even though three counts of his original conviction had been vacated. McCoy App'x at 117.

As for McCoy's contention that he was entitled to a jury finding with respect to any and all facts relied on by the court in assessing enhancements under the advisory Sentencing Guidelines, the law is clear that such facts may be determined by the district court by a preponderance of the evidence. *See United States v. Holguin*, 436 F.3d 111, 119 (2d Cir. 2006). Because the evidence relied on by the district court easily met that standard, the district court did not err in making the Guidelines calculations that it did.

Finally, McCoy challenges the substantive reasonableness of his 87-year term of imprisonment. In reviewing for substantive unreasonableness, we

consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," and reverse "only when the trial court's sentence cannot be located within the range of permissible decisions." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (alterations adopted and internal quotation marks omitted).

McCoy's within-Guidelines sentence was not substantively unreasonable. The district court considered McCoy's substantial criminal history, the seriousness of his offenses of conviction, the "violent, horrific acts" he personally committed or was involved in, McCoy App'x at 114, his "complete disregard for the law," and the need to "protect[]" society from him, *id.* at 116. Given the totality of the circumstances and the severity of McCoy's conduct, we cannot say that the district court imposed a substantively unreasonable sentence.

11

\*      \*      \*

We have considered all of McCoy and Nix's arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgments of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court